[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13450
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 23, 2012
JOHN LEY
CLERK

D.C. Docket No. 8:09-cv-01920-RAL-AEP


CLINTON KNOWLES,

                                                          Plaintiff-Appellant,

versus

SHERIFF, in his official capacity as
Sarasota County Sheriff and head of
the Sarasota County Sheriff's Office,
a political subdivision of Sarasota
County, Florida,

                                                          Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 23, 2012)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Clinton Knowles appeals the district court's grant of summary judgment to his employer, the Sheriff of Sarasota County, Florida, in his employment-discrimination suit brought under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111, the Florida Civil Rights Act ("FCRA"), Fla. Stat. Ann. § 760.10, and the Rehabilitation Act ("Rehab Act"), 29 U.S.C. § 701.  On appeal, Knowles argues that the district court erred in granting summary judgment when it concluded that Knowles failed to establish a prima facie case of disability discrimination: (1) based on his claim that his alcoholism constituted a disability under the ADA; and (2) based on his failure to show that he was denied a reasonable accommodation. After careful review, we affirm.

We review a district court's order granting summary judgment de novo, "viewing all the evidence, and drawing all reasonable inferences, in favor of the non-moving party." Vessels v. Atlanta Indep. Sch. Sys., 408 F.3d 763, 767 (11th Cir. 2005).  Summary judgment is only proper if there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law.  Id.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Brooks v. Cnty. Comm'n of Jefferson Cnty., Ala., 446 F.3d 1160, 1162 (11th Cir.

2

2006) (quotation omitted). We may affirm on any ground that appears in the record, regardless of whether that ground was considered or relied upon by the district court. Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir. 2007). We generally will not consider issues or theories that were not raised in the district court. Wright v. Hanna Steel Corp., 270 F.3d 1336, 1342 (11th Cir. 2001).

The ADA provides that no covered employer "shall discriminate against a qualified individual on the basis of disability in regard to . . . discharge of employees" and any of the "terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a) (2007). We evaluate disability-discrimination claims brought under the ADA under the McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), framework, under which the plaintiff must first establish a prima facie case of discrimination. Cleveland v. Home Shopping Network, Inc., 369 F.3d 1189, 1193 (11th Cir. 2004).

To establish a prima facie case of employment discrimination under the ADA, a plaintiff must show that: (1) he has a disability; (2) he is a qualified individual with or without a reasonable accommodation; and (3) he was discriminated against because of his disability. Rossbach v. City of Miami, 371 F.3d 1354, 1356-57 (11th Cir. 2004). As to the third element needed to establish a prima facie case, a qualified individual is unlawfully discriminated against if the employer does not make

3

reasonable accommodations for the disability, unless such an accommodation would impose an undue hardship on the employer. 42 U.S.C. § 12112(b)(5)(A).

Claims brought under the Rehab Act and the FCRA are analyzed under the same framework as the ADA, and, thus, need not be addressed separately. See Greenberg v. BellSouth Telecomms., Inc., 498 F.3d 1258, 1263-64 (11th Cir. 2007) (stating that the FCRA is analyzed under the same framework as the ADA); Cash v. Smith, 231 F.3d 1301, 1305 (11th Cir. 2000) (stating that the Rehab Act is governed by the same standards used in ADA cases).

The plaintiff bears the burden of identifying a reasonable accommodation, and an employer is not required to accommodate an employee in any manner in which the employee desires. Stewart v. Happy Herman's Cheshire Bridge, Inc., 117 F.3d 1278, 1285-86 (11th Cir. 1997). The regulations governing the ADA provide that, to determine the appropriate reasonable accommodation, it may be necessary for an employer "to initiate an informal, interactive process with the individual with a disability in need of an accommodation" to identify the person's limitations and possible accommodations. 29 C.F.R. § 1630.2(o)(3) (2007). For example, we have held that, where the employee failed to identify a reasonable accommodation, the employer had no affirmative duty to engage in an "interactive process." Earl v. Mervyns, Inc., 207 F.3d 1361, 1367 (11th Cir. 2000).

4

Similarly, in Stewart, we held that there could be no liability under the ADA where the employer did not obstruct the informal interactive process, made reasonable efforts to communicate with the employee and to provide accommodations based on the information it possessed, and where the employee's actions caused the breakdown in the interactive process. 117 F.3d at 1287. Moreover, the employee in Stewart had failed to engage in the interactive process because she did not give the employer any substantive reasons as to why the proffered accommodations were unreasonable, but instead simply demanded that the employer grant her demands. Id. at 1286-87.

An accommodation is "reasonable," and, thus, required by the ADA, only if it enables the employee to perform the essential functions of the job. Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1255 (11th Cir. 2001). The duty to provide a reasonable accommodation is not triggered unless the plaintiff makes a specific demand for an accommodation. See Gaston v. Bellingrath Gardens & Home, Inc., 167 F.3d 1361, 1363 (11th Cir. 1999) (stating that this requirement, which was established in the context of the Rehab Act, applied for purposes of defining the scope of the duty to provide a reasonable accommodation under the ADA). Thus, the initial burden of requesting an accommodation is on the employee, and only after the employee has satisfied that burden and the employer failed to provide the accommodation can the employee prevail on a discrimination claim. Id. at 1364. The

5

plaintiff bears the ultimate burden of persuasion with respect to showing that an accommodation is reasonable. Stewart, 117 F.3d at 1286.

Even assuming that Knowles's alcoholism constituted a disability under the ADA -- an issue we need not reach -- the district court did not err in granting summary judgment because Knowles failed to establish that he was denied a reasonable accommodation.[1] The reasonable accommodation that Knowles identifies is that the Sarasota County Sheriff's Office ("SCSO") should have allowed him to seek treatment in the Employee Assistance Program ("EAP"), which the SCSO provided and made available to any employee who wished to enter the program. Knowles knew that he could voluntarily enter the program at any time, but he argues that the communication breakdown regarding whether he was to be directed to enter the program evidences a failure to accommodate. Essentially, Knowles argues that he would have voluntarily entered the program if he was not under the mistaken belief that he would be directed to do so, and, thus, the Sheriff's failure to alleviate his confusion prevented his reasonable accommodation.

---

[1] As an initial matter, it appears that Knowles did not specifically demand a reasonable accommodation for his alcoholism, which means that the Sheriff had no duty to provide any reasonable accommodation to Knowles. See Gaston, 167 F.3d at 1363. Nevertheless, we assume, for purposes of this opinion, that he did make a specific demand.

6

Yet while Knowles may not have entered the EAP due to his confusion, he does not allege that his confusion resulted from bad faith, or that he would have been denied voluntary access to the EAP had he attempted to enter the program. Knowles also does not cite any binding precedent establishing that a failure to alleviate an employee's confusion constitutes a denial of a reasonable accommodation. The evidence of a communication breakdown, or that someone "dropped the ball," illustrates that the communication between Knowles and the SCSO was ineffective, but it does not establish that the Sheriff denied or prevented Knowles from entering the EAP. Similarly, although Knowles asked Lieutenant Penny Kimball about his status regarding the EAP, he never indicated to her that he would not enter the EAP for alcohol counseling until he was clear on whether he would be directed to enter the program. Thus, Knowles failed to establish that he was unlawfully discriminated against because he was not denied a reasonable accommodation. See Rossbach, 371 F.3d at 1356-57.[2] Accordingly, we affirm.

**AFFIRMED.**

---

[2] To the extent that the district court inaccurately reflected Knowles's precise argument by focusing on whether Knowles could challenge his termination or whether the SCSO was required to force him into the EAP, Knowles does not argue that this mischaracterization warrants reversal, but instead he clarifies his argument. Further, to the extent that Knowles raises an independent claim for disability discrimination based on an alleged breakdown of the interactive process, assuming that such an independent claim exists, Knowles did not raise that issue before the district court, and, thus, we need not consider that issue. Wright, 270 F.3d at 1342.